ORDER
FORDHAM, JUDGE:
An application of the claimant, Beau J. Miller, for an award under the West Virginia Crime Victims Compensation Act, was filed April 14,2005. The report of the Claim Investigator, filed July 14,2005, recommended that an award of $13,042.62 be *199 granted, to which the claimant filed a response in agreement. An Order was issued on July 29, 2005, overturning the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed August 30, 2005. This matter came on for hearing March 29, 2006, the claimant appearing in person, and Assistant Attorney General Benjamin F. Yancey, III, for the State of West Virginia.
On January 14, 2005, the 23-year-old claimant was the victim of criminally injurious conduct in Huntington, Cabell County. The claimant was exiting a restroom when the offender, Roscoe Smith, struck him from behind.
This Court’s initial denial of an award was based on the Court’s finding that the claimant was not an innocent victim of crime. W. Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant ... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
The claimant testified at the hearing of this matter that on the evening of the incident he had been at a “Tough Man” contest in Huntington, watching a friend compete. After his friend’s match, the claimant went to the restroom. His friend was having an argument just outside the bathroom with Roscoe Smith. The claimant walked over to his friend but did not say anything. When the claimant walked back out of the bathroom, he was struck in the jaw by Mr. Smith. The claimant testified that he went to the ground with Mr. Smith, trying to defend himself. As the claimant was getting up to get away from the offender, he was struck at the base of the skull and knocked out. The claimant landed face-first on the floor. He suffered a closed head injury, damage to his teeth, and a nose laceration. According to the medical records, the claimant’s blood alcohol content was .224%. The claimant testified that he had been drinking a significant amount, having had seven or eight beers at the event and several prior to the contest.
The Claim Investigator’s original finding was that the claimant was an innocent victim of criminally injurious conduct within the meaning of the statute. The original Order overturned the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that he did meet this burden. There was a lack of evidence that the claimant did anything to provoke the offender. However, the Court is of the opinion that the claimant was intoxicated at the time of the incident, and that he was at least to some degree guilty of contributory misconduct. W. Va. Code §14-2A-14(f) states, in part: “The judge or commissioner shall reduce an award of compensation or deny a claim for an award of compensation ... if the reduction or denial is determined to be reasonable because of the contributory misconduct of the claimant....”
The Court finds that there was contributory misconduct of forty percent (40%) on the part of the claimant. Therefore, an award in the sum of $7,825.57, representing sixty percent (60%) of the claimant’s unreimbursed allowable medical expenses is hereby granted as set forth in the Claim Investigator’s memorandum of May 15,2006.